1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| COAST SURGERY CENTER, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut General Corporation DBA Cigna; CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1-100, INCLUSIVE. <br><br> Defendants. | Case No. 8:22-cv-02102-CJC (JDEx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> District Court Judge: <br> Honorable Cormac J. Carney <br><br> Magistrate Judge: <br> Honorable John D. Early <br><br> Case Removed:  November 17, 2022 |

Pursuant to the Parties' Stipulation (Dkt. 20) and for good cause shown, the Court finds and Orders as follows.

### A.    <u>PURPOSES AND LIMITATIONS</u>

IT IS HEREBY STIPULATED by and between Plaintiff Coast Surgery Center ("Plaintiff") and Defendants, Cigna Health and Life Insurance Company, a Connecticut General Corporation DBA Cigna, and Connecticut General Life Insurance Company, a Connecticut Corporation (collectively, "Defendants"), through their respective attorneys

of record, that certain sensitive documents and information have been and may be sought, produced or exhibited by and between the parties in this action entitled: *Coast Surgery Center v. Cigna Health and Life Insurance Company, et al.,* which is pending in the United States District Court for the Central District of California, Case No. 8:22-cv-02102-CJC-JDE, (the "Action").  Accordingly, the Parties (defined below) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 5.7, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.    <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve proprietary information claimed as trade secrets or as competitive information, customer and pricing information, other valuable research, development, commercial, financial, and/or protected health information ("PHI") (as defined in 45 C.F.R. § 160.103) or other types of sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), PHI, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of such

STIPULATED PROTECTIVE ORDER

materials in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

1. **DEFINITIONS**

   2.1 <u>Action:</u>  this pending federal lawsuit.

   2.2 <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

   2.3 <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that constitute, reflect or disclose trade secret or other confidential research, development, or commercial information, or PHI as defined herein, which qualifies for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.  "Confidential" information as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" or "Confidential – Attorneys' Eyes Only" by the Producing Party or Designating Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

   2.4 <u>"CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:</u> "Confidential" information (regardless of how it is generated, stored or maintained) as defined herein, which warrants further protection because it is particularly sensitive such that a Party's or Non-Party's business representatives cannot be afforded review of the information without creating a substantial risk of serious injury to the Producing Party or to third parties that could not be

avoided by less restrictive means, and such that review should be relegated only to Outside Counsel of Record and House Counsel. All PHI that is not otherwise in a Receiving Party's possession (i.e., known to that Receiving Party due to circumstances unrelated to this Action) shall qualify as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

2.5  Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6  Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery or depositions as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.7  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9  House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11  Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this action regarding this action or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

/ / /

2.12 <u>Party:</u>  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party:</u>  A Party or Non-Party that produces Disclosure or Discovery Material in the Action.

2.14 <u>Professional Vendors:</u>  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.16 <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Action whether revealed in a document, disclosure, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Action (the "Producing Party") to any other party, including any non-party, (the "Receiving Party"), when the same is designated with the procedures set forth herein. This Order is binding upon the Parties to the Action,

as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.  This Order is also binding on and applies to all Non-Parties who either produce or receive documents or information in connection with this Action.

### 4.  **DURATION**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.  **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material For Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Documents containing PHI will be assumed to be "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety, unless the PHI is already otherwise in the possession of the Receiving Party, in which case they will be assumed to be "CONFIDENTIAL" in their entirety.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  Manner and Timing of Designations.

Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2[a] below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

[a] For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of deposition or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL"  or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

[b] For testimony given in depositions, the Designating Party may designate the protected testimony (including exhibits) on the record before the close of the deposition or up to fourteen (14) days after the deposition transcript becomes available for review. If no specific further level of protection is invoked on the record, the testimony shall presumptively be treated as "CONFIDENTIAL" during the review period.  After the expiration of the fourteen (14) day review period, the transcript shall be treated only as actually designated.  A Designating Party may also request a reasonable extension of the presumptive review period, if needed, of up to thirty (30) total days.   The Designating Party shall  specify, for each portion, the level of protection being asserted, except that when it is impractical to identify separately each portion of testimony (including exhibits) that is entitled to protection and it appears that substantial portions may qualify, the Designating Party may invoke on the record, before the deposition is concluded, a right to have thirty (30) days from receipt of the deposition transcript or copy thereof (or written notification that the transcript is available) to specify the portions as to which protection is sought.  In such event, the entire deposition transcript (including exhibits) shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under this Order until the expiration of the above-referenced thirty-day period for designation by letter of counsel (except that the deponent may review the transcript of his or her own deposition during this thirty-day period).  Counsel for any Designating Party shall have the right to exclude from oral depositions any person (other than the deponent, deponent's counsel, reporter, and videographer (if any)) who is not authorized by this Order to receive or access protected testimony or exhibits.  If portions of a videotaped deposition are designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," the videocassette or other videotape container shall be labeled with the appropriate Confidential legend.

[c] for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" as appropriate.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

[d] to the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter or by affixing to such media a label with the appropriate Confidential legend.  Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the appropriate Confidential legend.

5.4  <u>Qualified Protective Order.</u>

The parties have stipulated that this protective order meets the requirements of a qualified protective order as defined in 45 C.F.R. Part 164.512(e)(1)(v) and pursuant to California Civil Code § 56 *et seq.*

5.5  <u>Inadvertent Failures To Designate.</u>

The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" at the time of designation, production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter.  Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

If  corrected as soon as reasonably possible, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material.  Upon such correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.6  <u>Privilege Maintained.</u>

The inadvertent production of documents and information, if corrected as soon as reasonably possible, shall not constitute a waiver in this Action, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter.  The Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in the documents produced in this Action is not waived as a result of inadvertent disclosure of those documents in connection with this Action, if corrected as soon as reasonably possible, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this Action.  The fact of inadvertent production of privileged information or documents by any producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.  Without limiting the foregoing, the Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

5.7  <u>Filing of Designated Material</u>

The filing of any documents and materials with the Court containing or reflecting the contents of information marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" shall be governed by Local Rule 79-5.2, et seq. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" under seal. Without written permission from the Producing Party or a Court order, a Party may not file in the public record in this Action any designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information.

Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" under this Order is insufficient to justify filing under seal. Instead, the Parties must explain the basis for confidentiality of each document sought to be filed under seal..

An application for disclosure of sealed documents shall be governed by Local Rules and the Federal Rules of Civil Procedure.  Documents filed under seal may be unsealed at the Court's discretion as warranted.

### 6.  **PROTECTED HEALTH INFORMATION.**

The current Parties (and their attorneys) and any future Parties (and their attorneys) to the Action are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to the health care claims at issue in this litigation to the extent and subject to the terms outlined herein, which shall be marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," except as to Parties who possessed the PHI apart from this Action, as to which it shall be considered "CONFIDENTIAL."

a.      For the purposes of this Order, "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to health information including demographic information relating to (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the past, present, or future payment for health care services provided to an individual which identifies the individual or which reasonably could be expected to identify the individual involved in a health insurance claim at issue in this litigation.

b.      All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to the claims at issue in this litigation to all attorneys now of record in this matter or who may become of record in the future of this litigation.

c.      The Parties and their attorneys shall be permitted to use the PHI pertaining to the claims at issue in this litigation in any manner that is reasonably connected with the above-captioned litigation. This includes but is not limited to, disclosures to the parties' House Counsel, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the Parties' experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process and authorized to receive CONFIDENTIAL information.

d.      This Order shall not control or limit the use of PHI pertaining to the claims at issue in this litigation that comes into the possession of any party or any party's attorney from a source other than a Party or Non-Party to this Action in the course of conducting this Action.

e.      Nothing in this Order authorizes any party to obtain medical records or other PHI through means other than formal discovery requests, subpoena, settlement correspondence between attorneys of record in this Action, or deposition.

## 7.   USE OF CONFIDENTIAL INFORMATION

Information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be used by any person, other than the Producing Party, for any purpose other than conducting or attempting to resolve this Action, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

## 8.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1   Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2   Meet and Confer.

The Challenging Party shall meet and confer prior to any motion practice

STIPULATED PROTECTIVE ORDER
-11-                    Case No. 8:22-cv-02102-CJC (JDEx)

1  challenging a designation of confidentiality and otherwise conform to the dispute

2  resolution process under Local Rule 37.1.

3        8.3   <u>Burden of Persuasion.</u>

4        The burden of persuasion in any such challenge proceeding shall be on the

5  Designating Party.  .  Unless the Designating Party has waived or withdrawn the

6  confidentiality designation, all Parties shall continue to afford the material in question the

7  level of protection to which it is entitled under the Producing Party's designation until the

8  Court rules on the challenge.

9        **9.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

10        9.1  <u>Basic Principles.</u>

11        A Receiving Party may use Protected Material that is disclosed or produced by

12  another Party or Non-Party in connection with this Action only for prosecuting,

13  defending, or attempting to settle this Action.  Such Protected Material may be disclosed

14  only to the categories of persons and under the conditions described in this Order.  When

15  the Action has been terminated, a Receiving Party must comply with the provisions of

16  section 16 below (RETURN OR DESTRUCTION OF MATERIALS).

17        Protected Material must be stored and maintained by a Receiving Party at a

18  location and in a secure manner that ensures that access is limited to the persons

19  authorized under this Order.

20        9.2   <u>Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS'</u>

21  <u>EYES ONLY" Information or Items.</u>

22        Unless otherwise ordered by the court or permitted in writing by the Designating

23  Party, a Receiving Party may disclose any information or item designated

24  "CONFIDENTIAL" only to:

25        [a]  the Receiving Party's Outside Counsel of Record in this Action, as well as

26  employees of said Outside Counsel of Record to whom it is reasonably necessary to

27  disclose the information for this Action;

28  / / /

[b]   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

[c] experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

[d] the court and its personnel;

[e] court reporters and their staff;

[f] outside photocopying, data processing or graphic production services employed in confidence by the Parties or their Outside Counsel of Record to assist in this Action;

[g] professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

[h] the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

[i] during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

[j] in confidence to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

[k] any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that the Party seeking to make the disclosure must first submit a request, in writing or on the record, to the Producing Party

STIPULATED PROTECTIVE ORDER
-13-
Case No. 8:22-cv-02102-CJC (JDEx)

explaining why the disclosure is necessary. If the Producing Party does not agree to allow the disclosure, the Party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" only to the individuals listed in [a], and [c] through [j] above, as well as House Counsel (and their legal and administrative supporting staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action. To the extent PHI is deemed "CONFIDENTIAL ATTORNEYS' EYES ONLY" by operation of section 2.4, a Receiving Party may disclose such information or item to individuals listed in [b], to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN   OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," that Party must:

[a] promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

[b] promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

[c] cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

/ / /

STIPULATED PROTECTIVE ORDER

Case No. 8:22-cv-02102-CJC (JDEx)

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

[a] The terms of this Order are applicable to information produced by a Non-Party in this Action and designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

[b] In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

[c] If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party <u>may</u> produce the Non-Party's confidential information responsive to the discovery request<u>, and shall not withhold production on the basis of Non-Party confidentiality.</u> If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached as Exhibit A.

## 13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to the Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The Parties' agreement pursuant to Federal Rule of Evidence 502(d) and (e) is set forth above in paragraph 5.6.

/ / /

STIPULATED PROTECTIVE ORDER
-16-
Case No. 8:22-cv-02102-CJC (JDEx)

**14. <u>USE OF CONFIDENTIAL INFORMATION AT TRIAL</u>**

The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

**15. <u>PRESERVATION OF RIGHTS AND PRIVILEGES</u>**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any Party may have to assert such privilege at any stage of this litigation. Further, the inadvertent failure to designate any information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not constitute a waiver of any Party or Non-Party's claim, either within or outside this Action, that any such information does contain trade secrets, proprietary information or is otherwise confidential and not subject to disclosure.

**16. <u>RETURN OR DESTRUCTION OF MATERIALS</u>**

Within sixty (60) business days after the Final Resolution of this Action (including conclusion of any appeal), all "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information shall be returned to Counsel of Record for the Party or Non-Party that produced it or shall be destroyed. As to those materials that contain or reflect "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information, but that constitute or reflect Counsel's work product, Counsel of Record for the Parties, or Non-Parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order. Unless otherwise permitted herein, such materials may not be used in connection with any other proceeding or action. Counsel shall be entitled to retain correspondence, pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, expert reports, legal memoranda, attorney and expert work

product, and the trial record (including exhibits) even if such materials contain "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action (except as otherwise permitted herein). Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  However, apart from such archival copies, "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information that is constituted by PHI that was not otherwise in a party's possession apart from this Action must be destroyed.  Nothing in this paragraph shall require the removal of information from backup tapes or other archival locations that are not accessible without forensic restoration efforts.

**17. MISCELLANEOUS**

a.     The restrictions set forth in this Order shall not apply to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.     A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.     This Order shall apply to Non-Parties who provide discovery, by deposition, production of documents or otherwise, in this Action, if said Non-Party requests, in writing, the protection of this Order as to said Non-Party's "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information and complies with the provisions of this Order.

d.     Upon the Final Resolution of this Action (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly

modified, superseded, or terminated by consent of all Parties or by Order of the Court. This Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Order following the Final Resolution of this litigation.

e.     This Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

f.     The Court may amend, modify or dissolve this Protective Order at any time.

g.     By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 18. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATE: February 21, 2023

JOHN D. EARLY
United States Magistrate Judge

<u>EXHIBIT A</u>
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print full name], of

_____ [print or type full business address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on February 21, 2023, in the case of *Coast Surgery Center*

*v. Cigna Health and Life Insurance Company, et al.,* Case No. 8:22-cv-02102-CJC-JDE.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.  I further agree to submit to the jurisdiction of the United States District Court

for the Central District of Californioa for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of

_____[print or type full

address and telephone number] as my California agent for service of process in

connection with this actio or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed named: _____

Signature:_____

STIPULATED PROTECTIVE ORDER

-20-                        Case No. 8:22-cv-02102-CJC (JDEx)